UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE ALLEN MARCHANT,<br><br>                   Plaintiff,<br><br>vs.<br><br>A. DEWAYNE SHEDD, WARDEN YORDY, et. al,<br><br>                   Defendants. | Case No. 1:20-cv-00209-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Amended Complaint of Plaintiff was conditionally filed by the Clerk of Court due to his status as a prisoner. Dkt. 3. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## REVIEW OF AMENDED COMPLAINT

### 1. Factual Allegations and Administrative Remedy Exhaustion

Plaintiff alleges that he submitted three habeas corpus petitions and three civil lawsuits to prison paralegal Duane Shedd, but Shedd threw his pleadings away and did not file them with the courts. Plaintiff sent a grievance form to Warden Keith Yordy about the incident. *See* Dkt. 3-1. However, Plaintiff has not stated whether he properly completed the administrative remedy process before he filed his lawsuit. It is not clear whether he started with the required offender concern form, progressed to a grievance, and then finished with a grievance appeal. If he did not fully exhaust his administrative remedies, the defendants may request that his case be dismissed.[1]

In his Complaint, Plaintiff seeks damages of $100,000,000 against Shedd and Yordy.

### 2. Standard of Law for Access to Courts Claims

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that, because prisoners have a First and Fourteenth Amendment right to access the courts, prison officials must provide the means for them to prepare and file meaningful legal papers. In *Lewis v.*

---

[1] The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to properly exhaust all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a); *see Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014). "Proper" exhaustion means that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)."There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

*Casey*, 518 U.S. 343 (1996), the Court explained the limitations of the *Bounds*. The *Casey* opinion clarified that the "access to courts" right is to enable prisoners to "bring a court grievance" in his or her complaint, and not to "discover grievances" or "to litigate effectively once in court." *Id*. at 354.

In addition, *Casey* clarified that a prisoner must demonstrate that he or she suffered an *actual injury* as a result of the denial of access. *Id*. at 352-53. To show an actual injury, a plaintiff must adequately describe the claim that was hindered and allege facts that show it was actually hindered.[2] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). An access to courts claim must state facts meeting three essential elements:

(1) official acts frustrated the prisoner's litigation; (2) the prisoner lost a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint *with the level of detail being equal to the detail needed "if it were being independently pursued"*; and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in a suit that could be brought in the future. *Id*. at 415-17 (italics added).

3.      **Discussion**

Although it is frustrating that Mr. Shedd threw away Plaintiff's pleadings and Mr. Yordy did nothing about it, those are problems that must be resolved through the prison grievance system, unless Plaintiff can show an actual injury that occurred because of an inability to file his pleadings with the courts. Plaintiff will be provided with an opportunity

---

[2] "Hindered claims" can be "forward-looking" claims (those for which an impediment must be removed to permit the plaintiff to proceed with a still-viable claim) or "backward-looking" claims (those now impossible to file, like a statute of limitations issue). *Id*. at 413-14.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

to amend his complaint. He must take care to provide facts supporting each of the three elements of an access to courts claim, as set forth above. If he does not desire to amend, then the Court will dismiss his Complaint with prejudice for failure to state a claim upon which relief can be granted.

## ORDER

**IT IS ORDERED** that Plaintiff shall submit an amended complaint no later than **30 days** after entry of this Order. Failure to take further action in this case will result in its dismissal without prejudice, without any further notice to Plaintiff.

DATED: June 30, 2020

_____
David C. Nye
Chief U.S. District Court Judge